IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-321-D

UNITED STATES OF AMERICA      )
                              )
                              )
            v.                )        **ORDER**
                              )
GREGORY BARTKO,               )
                              )
                              )
            Defendant.        )

On July 13, 2010, defendant Gregory Bartko ("Bartko") filed three motions. Bartko moves for a bill of particulars [D.E. 75], to sever his trial from that of his co-defendant [D.E. 76], and for a prompt disclosure of the government's intended witness and exhibit lists [D.E. 77]. The government has responded in opposition to these motions [D.E. 86]. As explained below, the motions are denied.

I.

On November 4, 2009, a grand jury indicted Bartko and Darryl Lynn Laws ("Laws") [D.E. 1]. On January 6, 2010, a grand jury returned an eight-count superseding indictment against Bartko, Laws, and Rebecca Plummer [D.E. 30]. On June 1, 2010, Rebecca Plummer pleaded guilty to the conspiracy charge in count one of the superseding indictment. Her sentencing is pending. Both Bartko and Laws are accused of conspiring to commit mail fraud, launder monetary instruments, engage in unlawful monetary transactions, make false statements, and obstruct S.E.C. proceedings (count one); mail fraud and aiding and abetting (counts two through five); and making false statements (counts seven and eight). Bartko also is charged with the sale of unregistered

securities and aiding and abetting (count six). Essentially, these charges relate to the alleged sale of fraudulent investments and efforts to conceal the profits of the scheme. According to count one of the superseding indictment, Scott Bradley Hollenbeck ("Hollenbeck"), an unindicted co-conspirator, raised some of the money.[1] During the scheme, Bartko and Laws are accused of having held themselves out as "investment bankers" and used both domestic and foreign business entities to accomplish the scheme.

II.

Initially, the court addresses Bartko's motion for a bill of particulars. Whether to grant a bill of particulars is within the trial court's discretion. United States v. Bales, 813 F.2d 1289, 1294 (4th Cir. 1987). "The purpose of a bill of particulars is to inform the defendant of the charges against him in sufficient detail and to minimize surprise at trial." United States v. Butler, 885 F.2d 195, 199 (4th Cir. 1989) (quotation omitted). It is not "'to provide detailed disclosure of the government's evidence in advance of trial.'" United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (quoting United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985)). Furthermore, when the government maintains an "open file" policy, a defendant is not prejudiced by a denial of a bill of particulars. United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986). Moreover, a court need not grant a motion for a bill of particulars when the indictment alleges every element of the charged offense, and alleges sufficient facts to put defendant on notice of the charges. See id. at 1125–26.

---

[1] On February 6, 2008, a jury convicted Hollenbeck of one count of conspiracy to commit mail fraud and twelve counts of mail fraud and aiding and abetting. United States v. Lomas, No. 5:07-CR-117-6BR (E.D.N.C. Feb. 6, 2008). On May 6, 2008, Hollenbeck received a sentence of 60 months on the conspiracy count and a sentence of 168 months on each of the mail fraud counts, each count to be served concurrently. Lomas, No. 5:07-CR-117-6BR (E.D.N.C. May 6, 2008) (judgment).

The court has reviewed Bartko's requests. The government has maintained "open file" discovery in this case, providing extensive access to the government's investigatory records. Furthermore, the government has provided a list of allegedly false statements that it anticipates proving at trial. See United States' Omnibus Resp. 9–10. Most importantly, the superseding indictment sufficiently details the alleged criminal activity so as to avoid surprise or unfair advantage, and enables the defendant to adequately prepare for trial. See Butler, 885 F.2d at 199; Amend, 791 F.2d at 1125–26. Therefore, Bartko's motion for a bill of particulars [D.E. 75] is denied.

### III.

Bartko also moves to sever his trial from that of his co-defendant, Laws. Severance is a discretionary decision of the district court. See, e.g., United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007). In federal court, if defendants are indicted together, a joint trial is preferred. See Zafiro v. United States, 506 U.S. 534, 537 (1993); Harris, 498 F.3d at 291. Joint trials promote efficiency and serve the interest of justice by preventing conflicting verdicts. Zafiro, 506 U.S. at 537. Severance should be granted "only if there is serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. In conspiracy cases, the presumption for joint trials is particularly strong. See, e.g., United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990); United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986).

Bartko argues that the government will introduce statements that Laws made, raising a Confrontation Clause issue under both Bruton and Crawford. See Crawford v. Washington, 541 U.S. 36 (2004); Bruton v. United States, 391 U.S. 123 (1968). According to Bartko, some of these statements are "inculpatory." Mot. Sever 2. Bartko does not provide examples or elaborate on this

3

characterization. See id.

Co-conspirators who are tried for making false statements need not be severed simply because statements they made in furtherance of the conspiracy are introduced into evidence. See United States v. Ayala, 601 F.3d 256, 271–72 (4th Cir. 2010). Crawford extends to only testimonial hearsay statements. Id. at 272. Moreover, a statement not introduced to prove its truth, but rather simply to prove that the statement was made, falls outside the definition of hearsay. Id. Therefore, the introduction of any statement alleged to be false is, by definition, not hearsay evidence. Furthermore, the Federal Rules of Evidence are explicit: a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy is not hearsay. See Fed. R. Evid. 801(d)(2)(E); Ayala, 601 F.3d at 268; United States v. Shores, 33 F.3d 438, 442 (4th Cir. 1994). Bartko has failed to convince the court to sever his trial from Laws' trial. Therefore, Bartko's motion to sever [D.E. 76] is denied.

IV.

Bartko seeks pre-trial disclosure of the government's witness and exhibit lists. In a noncapital criminal case, absent a showing of special need, the government has no duty to provide the names or whereabouts of witnesses. See United States v. Anderson, 481 F.2d 685, 693 (4th Cir. 1973), aff'd 417 U.S. 211 (1974). "[T]he decision regarding pre-trial disclosure of witness lists [lies] within the sound discretion of the trial court." Fletcher, 74 F.3d at 54. "[T]o obtain a government witness list, a defendant must make a specific or 'particularized' showing that such disclosure is both material to the preparation of his defense and reasonable in light of the circumstances." United States v. Stroop, 121 F.R.D. 269, 275 (E.D.N.C. 1988). Whether to order the disclosure of an exhibit list also lies within the sound discretion of the court. See Anderson, 481 F.2d at 693.

4

Bartko insists the disclosure should be made "well in advance of trial" due to the extensive discovery provided by the government. Def.'s Mot. Disclosure of Gov. Witnesses & Ex. Lists 1. In reply, the government asserts the extensive discovery includes a written interview report concerning each anticipated trial witness. See United States' Omnibus Resp. 4. The government also states that its decision regarding witnesses will be made "both immediately before and during the inevitable twists and turns of trial." Id.

Bartko has failed to demonstrate a particularized reason for disclosure well in advance of trial. Moreover, pursuant to Local Criminal Rule 24.1(b), E.D.N.C., each party must file with the court before the commencement of jury selection a list of all witnesses that the party, in good faith, reasonably anticipates will be called in its evidence-in-chief. Such disclosure is sufficient. Thus, Bartko's motion for disclosure of the government's witness and exhibit lists [D.E. 77] is denied.

V.

In sum, and for the reasons stated above, Bartko's motion for a bill of particulars, motion to sever, and motion for the disclosure of witness and exhibit lists [D.E. 75, 76, 77] are DENIED.

SO ORDERED. This _8_ day of October 2010.

JAMES C. DEVER III
United States District Judge

5