IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-321-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GREGORY BARTKO, | ) | |
| | ) | |
| Defendant. | ) | |

On November 1, 2010, Gregory Bartko ("Bartko" or "defendant") stood trial accused of one count of conspiracy, four counts of mail fraud and aiding and abetting, and one count of selling unregistered securities and aiding and abetting. After a lengthy trial, on November 18, 2010, a jury convicted Bartko of all counts. After the court adjudged Bartko guilty, the government moved for his detention pending sentencing pursuant to 18 U.S.C. § 3143(a). The court found that Bartko had not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others and remanded him to the custody of the United States Marshal [D.E. 157, 194]. On May 23, 2011, Bartko filed a motion for release pursuant to 18 U.S.C. § 3143(a) [D.E. 191]. On May 27, 2011, Bartko filed a "motion for discovery in anticipation of sentencing; for reconsideration of order quashing subpoena at trial; motion to compel production of documents prior to sentencing pursuant to Rule 17(c) and request for evidentiary hearing" [D.E. 198]. On May 31, 2011, Bartko requested a hearing on his motion for release [D.E. 199]. On June 6, 2011, the government responded in opposition to the motion for release [D.E. 201] to which Bartko replied [D.E. 205]. On June 13, 2011, the government responded in opposition to the motion for discovery [D.E. 204]. For the reasons stated below, defendant's motions are denied.

I.

Section 3143(a) of Title 18, United States Code, governs when a convicted defendant seeks to remain free pending sentencing. See 18 U.S.C. § 3143(a). Section 3143(a) creates a presumption that a person adjudged guilty should be detained. Fed. R. Crim. P. 46(c); United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004); United States v. Moffitt, 527 F. Supp. 2d 474, 476 (W.D.N.C. 2006). A defendant may secure release by rebutting the presumption. To rebut the presumption, a defendant must show by clear and convincing evidence that he is not a risk of flight or a danger to any person or the community. 18 U.S.C. § 3143(a); Abuhamra, 389 F.3d at 319. Although this burden is substantial, a defendant who makes the required showing must be released. 18 U.S.C. § 3143(a); Abuhamra, 389 F.3d at 319.

On November 18, 2010, following the guilty verdict, the court held a detention hearing and ordered Bartko detained pending sentencing. Although detention orders are subject to expedited appellate review, see 18 U.S.C. § 3145(c), Bartko did not appeal. Thus, Bartko has remained in custody since November 18, 2010, and the detention order became final on December 2, 2010. United States v. Idema, 59 F.3d 168, 1995 WL 371161, at *1 (4th Cir. 1995) (per curiam) (unpublished table decision); United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985). A district court's inherent power to reconsider interlocutory orders ends when those orders become final. Breit, 754 F.2d at 530. Thus, this court lacks jurisdiction to reconsider the detention order. See Idema, 1995 WL 371161, at *1. Even if the court construes the motion as one for modification of detention conditions, the motion for release pending sentencing is denied. "[T]here is no statutory provision providing for amendment of the conditions of confinement or release once a person has been convicted and detained by a judge." Id. The only remedy for a detention order pending

2

sentencing is an appeal of the detention order. Id.; cf. 18 U.S.C. § 3143(b) (after sentencing, a defendant may make a motion for release pending appeal).

Alternatively, even if this court had jurisdiction to entertain Bartko's motion for release pending sentencing, the court would deny the motion. The court discussed its rationale for detention pending sentencing at the post-trial detention hearing. Bartko claims the government's factual proffers at the hearing were "demonstrably false or misleading," claims that the government led him to believe they would not seek detention making him "unable to effectively respond to all the allegations," and that the government sought detention as a ruse to prevent him from adequately representing his clients who faced SEC enforcement actions. See Def.'s Mot. Release 2–3, 8. Furthermore, Bartko argues he is not a risk of flight because he has no motive to flee and is financially ruined and therefore without means to do so. Id. at 5–7. Lastly, he argues he is not an economic danger to the community, because he has surrendered his securities and law licenses. Id. at 9–10.

As for Bartko's claim of collusion between the United States Attorney's Office and the SEC, Bartko suggests that the government sought his detention to prevent his clients from receiving the benefit of legal representation, resulting in easy victories in various SEC enforcement actions. Bartko offers no evidence in support of this alleged scheme. Rather, Bartko's allegations of bad faith are based on nothing but self-serving speculation and conjecture. See id. at 8. The court rejects the allegations as frivolous and unfounded. Furthermore, this alleged scheme could only succeed if Bartko ignored his own professional responsibilities. Bartko, as a sole practitioner, had an ethical obligation to his clients to plan for the contingency of his criminal conviction and detention and to make prior arrangements for competent substitute counsel. See Model Rules of Prof'l Conduct R. 1.3 cmt. [5].

3

Case 5:09-cr-00321-D   Document 206   Filed 06/21/11   Page 3 of 8

As for the allegation of government misrepresentation before the detention hearing, the government's response states that defense counsel has conceded that the characterization of the government's pre-hearing statements was misleading. See Gov't Resp. Mot. Release 1 n.1. Before Bartko's conviction, the government had not decided whether to seek Bartko's detention and had communicated that uncertainty to defense counsel. See id. The court rejects any notion of bad faith or impropriety on the part of the government in seeking Bartko's detention pending sentencing.

As for defendant's arguments concerning risk of flight, even if the court assumes as true the proffered financial status of the defendant, financial means is not the only factor in determining risk of flight. As mentioned at the detention hearing and as confirmed by the draft presentence investigation report, defendant faces a substantial advisory guideline range. Defendant's age, life expectancy, and the draft report's advisory guideline range confirm the distinct possibility that Bartko will spend the rest of his life incarcerated, which provides an incentive to flee. See United States v. Nicolo, 706 F. Supp. 2d 330, 333 (W.D.N.Y. 2010) (collecting cases). Moreover, Bartko's criminal conduct and his perjurious testimony at trial strongly factor against release. See Nicolo, 706 F. Supp. 2d at 334. The court, at bottom, does not trust Bartko to abide by conditions of release. Defendant has failed to meet his burden of proof as to risk of flight, and shall remain in the custody of the United States Marshal pending sentencing. In light of this finding, the court need not revisit the danger issue. Because the record is clear, the court denies defendant's request for a hearing concerning release pending sentencing.

II.

As for defendant's omnibus "motion for discovery," the motion pertains to documents and recordings in the possession of the law firm of Bryant, Lewis, & Lindsley, PA ("the firm"). Specifically, the defendant requests production of materials maintained by the firm following the

4

suicide of J. Wesley Covington ("Covington"), a former firm partner. Covington, along with defendant, represented Scott Hollenbeck, a government witness at defendant's trial. The court construes defendant's motion as requesting (1) an order compelling government disclosure of these materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963), (2) reconsideration of the order quashing a trial subpoena duces tecum concerning these materials, (3) an order compelling the firm to produce the items listed in a sentencing subpoena duces tecum, and (4) an evidentiary hearing.

First, as to compelling the government to disclose these materials, Bartko argues that "the Government elected not to obtain copies of [the materials] so that they would not have to produce them to the defendant during discovery in this case," and that the government "either knew or believed that these . . . materials . . . would either discredit Hollenbeck and/or exculpate the defendant." Def.'s Disc. Mot. 4. Bartko argues that he "is entitled to all exculpatory evidence, not just that in the possession of the government," and that the government "is required to turn over every stone in its search for exculpatory evidence." Id. at 30. Bartko claims "[t]his issue has previously been addressed by the United States Supreme Court and various circuit courts." Id. (citing Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987); United States v. Brooks, 966 F.2d 1500 (D.C. Cir. 1992)).

Bartko misconstrues the holdings of these cases. In Ritchie, the defendant faced state criminal charges for child abuse. Ritchie, 480 U.S. at 43. The defendant served the state's child protective service agency with a subpoena, requesting records of its investigation of the alleged criminal conduct. Id. The agency refused, asserting a statutory privilege. Id. at 43–44. The Court held that a defendant prosecuted by the state has a right to know whether state-agency investigatory records contain information material to his defense. Id. at 61. In Brooks, the United States Court of Appeals for the District of Columbia considered whether Brady and Ritchie required federal

5

prosecutors to examine the records of the Metropolitan Police Department of the District of Columbia ("MPD") for exculpatory materials. Brooks, 966 F.2d at 1501. The court found that Ritchie established a duty to search "files maintained by branches of the government closely aligned with the prosecution." Id. at 1503 (quotation omitted). Thus, because the United States Attorney for the District of Columbia regularly prosecuted cases investigated by the MPD, the prosecution's duty extended to MPD's files. Id.

Here, Bartko attempts to expand the government's duty to include issuing subpoenas to force production of documents in the possession of non-government third parties. Various courts of appeals have addressed this issue, and all have rejected that such a duty exists. See, e.g., United States v. Celestin, 612 F.3d 14, 22 (1st Cir. 2010); United States v. Sarras, 575 F.3d 1191, 1215 (11th Cir. 2009); Strohl v. Grace, 354 F. App'x 650, 654 (3d Cir. 2009) (unpublished); United States v. Redcorn, 528 F.3d 727, 744 (10th Cir. 2008); United States v. Heppner, 519 F.3d 744, 750 (8th Cir. 2008); United States v. Hughes, 211 F.3d 676, 688 (1st Cir. 2000); United States v. Turner, 104 F.3d 217, 220 (8th Cir. 1997); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (per curiam). Instead, the Supreme Court has stated that a prosecutor's duty is simply "to learn of any favorable evidence known to the others acting on the government's behalf in the case." Kyles v. Whitley, 514 U.S. 419, 437 (1995). No evidence suggests that the firm has been acting on the government's behalf in this case. Thus, the government's ability to obtain the materials via subpoena is immaterial. See Strohl, 354 F. App'x at 654. Furthermore, a defendant's compulsion power under Federal Rule of Criminal Procedure 17(c) is just as powerful as that of the government. See 2 Charles Alan Wright et al., Federal Practice & Procedure, § 275 (4th ed. 2009). Bartko knew the files existed, that they were in the possession of a third party, and, in fact, sought access to them. The government had no obligation to assist the defendant or to subpoena records from the firm. See,

6

e.g., United States v. Todd, 424 F.3d 525, 534 (7th Cir. 2005). Thus, the court denies the "motion for discovery" to the extent it seeks an order compelling the government to act and rejects any notion that the government acted in bad faith, with an ill motive, or in violation or Brady and its progeny in not issuing a subpoena of its own to the firm.

As for the request that the court reconsider its motion to quash the trial subpoena, the question is moot. Although the court's initial ruling on the motion to quash was without prejudice to the issuance of a more specific subpoena following rectification of any attorney-client privilege issue, see Pretrial Mots. Hr. Tr. 18–23, Bartko had ample time to alleviate the court's concerns and to seek reconsideration before trial, during the trial, or as part of a Rule 29 motion. The jury returned a verdict of guilty over six months ago. Thus, the motion is denied as moot.

As for the motion to compel production from the firm, the court finds the May 27, 2011 motion premature. The sentencing subpoena was issued on May 27, 2011, and requires production of the requested materials on July 18, 2011. To date, the firm has not failed to comply or filed a motion to quash the subpoena. See Fed. R. Crim. P. 17(c)(2). Thus, the court is without power to compel production. See Fed. R. Crim. P. 17(g). To the extent the motion requests a modification of the subpoena production deadline, defendant's motion is defective in three ways. First, the preferred procedure is "to file a pre-issuance motion to secure judicial authorization for a subpoena duces tecum that is returnable before [the date of the hearing]."[1] United States v. Beckford, 964 F. Supp. 1010, 1025 (E.D. Va. 1997); Wright et al., supra, § 275. Here, defendant instead issued the subpoena and immediately filed a motion to compel. Second, defendant apparently failed to serve the motion on the firm to which it was issued. Thus, the firm apparently is unaware of the request

---

[1] "Although Rule 17 subpoenas are generally employed in advance of trial," they may be used in connection with post-trial motions and sentencing. See, e.g., United States v. Winner, 641 F.2d 825, 833 (10th Cir. 1981).

and unable to oppose it.² Finally, "[t]he burden is on the party seeking production to show good cause for production before [the hearing]." Wright et al., supra, § 275. Here, defendant fails to discuss this issue in his motion. Thus, the court denies the motion without prejudice.³ The court also denies without prejudice the request for a hearing on the subpoena modification request. On the current record, no hearing is needed.

III.

In sum, defendant's motions for a hearing [D.E. 199] and for release pending sentencing [D.E. 191] are DENIED. Defendant's omnibus "motion for discovery" [D.E. 198] is DENIED without prejudice to the filing of a motion to modify the subpoena production deadline. The clerk is DIRECTED to serve a copy of this order on David O. Lewis of the law firm of Bryant, Lewis & Lindsley, PA.

SO ORDERED. This 21 day of June 2011.

JAMES C. DEVER III
United States District Judge

---

² The motion indicates defense counsel has not contacted the firm regarding the subpoena. See Def.'s Disc. Mot. 32 ("Counsel anticipates Mr. Lewis will once again refuse to comply with the second subpoena duces tecum, and will file a motion to quash . . . ."). The court notes that the sentencing subpoena includes more specific requests than the trial subpoena. Compare id., Ex. A at 2 with id., Ex. C at 3–4. Furthermore, the materials relevant to the receivership representation concern a separate attorney-client privilege than the Hollenbeck materials. Thus, the court encourages defense counsel to contact the firm and ascertain its current position on compliance with the sentencing subpoena.

³ To secure production before sentencing, the defendant, as the moving party, must show "(1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for . . . sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general 'fishing expedition.'" Winner, 641 F.2d at 833 (quoting United States v. Nixon, 418 U.S. 683, 699–700 (1974)). Any subsequent motion for modification of the subpoena production date must address these factors and must be served on the firm.