IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-321-D
No. 5:15-CV-42-D

GREGORY BARTKO,                    )
                                   )
                Petitioner,        )
                                   )
        v.                         )          **ORDER**
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                Respondent.        )

On February 26, 2019, Gregory Bartko ("Bartko" or "petitioner") moved for relief from

judgement under Federal Rule of Civil Procedure 60(b) [D.E. 359] and filed a memorandum in

support [D.E. 360]. On April 9, 2019, the United States responded in opposition [D.E. 364]. On

April 22, 2019, Bartko replied [D.E. 365]. On September 3, 2019, Bartko moved to expand the

record concerning his Rule 60(b) motion [D.E. 368]. Thereafter, the court requested and received

supplemental briefing. See [D.E. 384]; [D.E. 387]; [DE. 390]. As explained below, the court

dismisses Bartko's Rule 60(b) motion, denies Bartko's motion to recuse, and denies Bartko's

motion to expand the record.

I.

On November 18, 2010, following a thirteen-day trial and four hours of deliberation, a jury

convicted Bartko of one count of conspiracy to commit mail fraud, money laundering, and the sale

of unregistered securities, four counts of mail fraud and aiding and abetting, and one count of selling

unregistered securities and aiding and abetting. See [D.E. 158, 159]. "The investments primarily

concerned two private equity funds that Bartko, a long-time securities lawyer and securities dealer

in Atlanta, Georgia, created named the Caledonian Fund and the Capstone Fund. Ultimately, the trial focused on Bartko's knowledge, intent, and good faith." Bartko v. United States, No. 5:09-CR-321-D, 2018 WL 5780838, at *1 (E.D.N.C. Nov. 2, 2018) (unpublished), appeal dismissed, 774 F. App'x 815 (4th Cir. 2019) (per curiam) (unpublished), cert. denied, 140 S. Ct. 1229 (2020).

This court has thoroughly described the procedural and factual history of this case, and familiarity with the entire record is presumed. See Bartko, 2018 WL 5780838, at *1–21; United States v. Bartko, No. 5:09-CR-321-D, 2012 WL 13185533, at *2–62 (E.D.N.C. Jan. 17, 2012) (unpublished), aff'd, 728 F.3d 327 (4th Cir. 2013). Of particular relevance to Bartko's latest motions, in 2011, Bartko moved for a new trial alleging that the government violated Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), by withholding exculpatory evidence. See [D.E. 211]. On January 17, 2012, this court denied that motion in a 120-page order. See Bartko, 2012 WL 13185533, at *2–62. Following his sentencing, Bartko appealed [D.E. 262]. On August 12, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Bartko's conviction, Bartko's sentence, and this court's denial of Bartko's motions for a new trial. See Bartko, 728 F.3d at 334–47.

In January 2015, Bartko moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 292, 295]. On July 27, 2015, Bartko moved to amend his section 2255 motion [D.E. 305]. The court granted Bartko's motion to amend [D.E. 316], and the parties filed cross motions for summary judgment [D.E. 321, 327, 328]. While those motions were pending, Bartko filed motions for discovery [D.E. 330] and for leave to file supplemental Brady claims [D.E. 339]. On November 2, 2018, in a 42-page order, the court denied Bartko's motions for leave to file supplemental Brady claims and for discovery, granted the government's motion for summary judgment, denied Bartko's cross-motion for summary judgment, and dismissed Bartko's section

2

2255 motion. See Bartko, 2018 WL 5780838, at *2–21.

On February 26, 2019, Bartko requested relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) [D.E. 359].[1] "Bartko first contends that the [c]ourt's failure to address the timeliness of his putative supplemental Brady claims under the relevant statute of limitations found in 28 U.S.C. § 2255(f)(4) constitutes a 'mistake' within the meaning of" Rule 60(b)(1). [D.E. 360] 3. "The second aspect of [Bartko's] Motion For Relief seeks disqualification of the Court under the procedure established by the Supreme Court in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) due to the Court's bias and lack of impartiality against Bartko." Id. at 2. Thus, Bartko's Rule 60(b) "motion constitutes a mixed Rule 60(b)/§ 2255 motion." United States v. McRae, 793 F.3d 392, 394 (4th Cir. 2015). Specifically, Bartko's attack on the court's analysis of his supplemental Brady claims is an impermissible successive 2255 motion, while his arguments concerning judicial bias attack the integrity of the prior proceeding. See [D.E. 384] 4–5. Therefore, on April 28, 2020, the court "'afford[ed] [Bartko] an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application[,]'" McRae, 793 F.3d at 394, 400 (quoting and citing United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), abrogated in part on other grounds by McRae, 793 F.3d at 398–400), and directed the parties to file responses. See [D.E. 384].

Bartko disagrees with this procedure and asks the court to rule on his recusal request "as a paramount procedural matter before any other issues are decided by the Court which relate to Bartko's Rule 60(b) motion." [D.E. 387] 3. Bartko contends that the two grounds presented in his motion are "inextricably interwoven" in that judicial bias infected the court's ability to properly

---

[1] Bartko also moved to expand the record [D.E. 368]. The government responded in opposition to both motions [D.E. 364, 374], and Bartko replied [D.E. 379].

Case 5:09-cr-00321-D   Document 391   Filed 12/03/20   Page 3 of 7

analyze Bartko's supplemental <u>Brady</u> claims when dismissing his 2255 motion. <u>Id.</u> at 5–6. The government contends that Bartko's "Rule 60(b) motion is a mixed Rule 60(b)/§ 2255 motion and because [Bartko] failed to make the required election, the Court should treat Petitioner's mixed motion as a successI've habeas application and dismiss it." [D.E. 390] 1.

## II.

A Rule 59(e) motion is not a second or successive habeas petition under AEDPA. <u>See</u> <u>Banister v. Davis</u>, 140 S. Ct. 1698, 1705–08 (2020). Bartko argues that <u>Banister</u> "makes it clear that Bartko's Rule 60(b) Motion is not a second or successive habeas claim subject to §2244(b)." [D.E. 387] 8.

"Rule 60(b) differs from Rule 59(e) in just about every way that matters to the inquiry here." <u>Banister</u>, 140 S. Ct. at 1709; <u>see</u> <u>Williams v. United States</u>, No. CR 403-253, 2020 WL 5441241, at *1 (S.D. Ga. Sept. 10, 2020) (unpublished); <u>Woodson v. Sec'y Dep't of Corr.</u>, No. 02-21921-CIV, 2020 WL 4604452, at *4 (S.D. Fla. Aug. 10, 2020) (unpublished). Bartko argues that the court's alternative merits analysis of his supplemental <u>Brady</u> claims is "mere dicta" which permits him to seek reconsideration of the court's conclusion that these claims were untimely. <u>See</u> [D.E. 387] 7, 9–10. The court rejects Bartko's argument. <u>Will v. Lumpkin</u>, 978 F.3d 933, 937–40 (5th Cir. 2020); <u>see</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531–32 n.4 (2005); <u>McKnight v. Bishop</u>, 771 F. App'x 201, 202 (4th Cir. 2019) (per curiam) (unpublished); <u>United States v. Washington</u>, 653 F.3d 1057, 1064 (9th Cir. 2011); <u>United States v. Lee</u>, No. 4:97-CR-00243-02 KGB, 2020 WL 3625732, at *6–7 (E.D. Ark. July 2, 2020) (unpublished); <u>Yuzary v. United States</u>, Nos. 04 CIV. 2809 (RPP), 96 CR. 967 (RPP), 2007 WL 4276864, at *4 (S.D.N.Y. Nov. 30, 2007) (unpublished). Finally, that Bartko filed his Rule 60(b) motion while his appeal was pending does not salvage his motion from AEDPA's limitations on second or successive petitions. <u>See</u> <u>Balbuena v. Sullivan</u>, No. 12-16414,

2020 WL 6749775, at *14–16 (9th Cir. Nov. 17, 2020); Phillips v. United States, 668 F.3d 433, 435 (7th Cir. 2012).

Banister does not alter the court's conclusion that Bartko's Rule 60(b) motion is "mixed." Under Fourth Circuit precedent, Bartko must elect how he wishes to proceed. See, e.g., McRae, 793 F.3d at 394; Winestock, 340 F.3d at 208–09. Because Bartko failed to make an election, the court dismisses his motion for lack of jurisdiction. See, e.g., Winestock, 340 F.3d at 208–09.

Alternatively, the court addresses Bartko's request for the court to recuse. Cf. United States v. Fugit, 749 F. App'x 212, 213 (4th Cir. 2019) (per curiam) (unpublished); United States v. Trappier, 712 F. App'x 343, 344 (4th Cir. 2018) (per curiam) (unpublished); United States v. Walton, 587 F. App'x 83, 84 (4th Cir. 2014) (per curiam) (unpublished). "Judicial recusals are governed by a framework of interlocking statutes. Under 28 U.S.C. § 455(a), all 'judge[s] of the United States' have a general duty to 'disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned.'" Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011) (quoting 28 U.S.C. § 455(a)); see Liteky v. United States, 510 U.S. 540, 552–53, 555 (1994); United States v. Cherry, 330 F.3d 658, 665–66 (4th Cir. 2003). The "objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." United States v. Stone, 866 F.3d 219, 230 (4th Cir. 2017) (quotation and citation omitted).

A judge need not recuse "simply because of unsupported, irrational or highly tenuous speculation[.]" Cherry, 330 F.3d at 665 (quotation omitted). Moreover, merely ruling against a party does not show impartiality or bias. Liteky, 510 U.S. at 555; Belue, 640 F.3d at 574. "Even remarks made 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" United States v. Lentz, 524 F.3d 501, 530

5

(4th Cir. 2008) (quoting Liteky, 510 U.S. at 555).

"The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); see United States v. Black, 490 F. Supp. 2d 630, 666 (E.D.N.C. 2007). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of a brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574.

Bartko argues that "personal bias by the Court demonstrated in the Order with respect to the supplemental Brady claims" necessitates recusal. [D.E. 360] 15. Specifically, Bartko argues that the "anti-Hollenbeck bias revealed in the Court's Order demonstrates, using the Court's own pejorative phrases, the necessity of recusal in resolving Bartko's supplemental claims." Id. 19.

The court's findings and conclusions about Hollenbeck and Bartko's claims do not stem from any extrajudicial source and do not warrant recusal from this case. See, e.g., Liteky, 510 U.S. at 555–56; United States v. Caramadre, 807 F.3d 359, 374–75 (1st Cir. 2015); Samet v. United States, 559 F. App'x 47, 50 (2d Cir. 2014) (unpublished); United States v. Ransom, 428 F. App'x 587, 590–92 (6th Cir. 2011) (unpublished); United States v. Plunkett, No. 4:04-CR-70083, 2020 WL 3871171, at *3 (W.D. Va. July 9, 2020) (unpublished); Barry v. United States, No. 14 CV 5898 (RJD), 2018 WL 443336, at *10 (E.D.N.Y. Jan. 16, 2018) (unpublished), certificate of appealability denied, No. 18-600, 2018 WL 7502893 (2d Cir. Aug. 16, 2018); United States v. Titus, Criminal Action No. 11-159, 2015 WL 1414550, at *4 (E.D. La. Mar. 27, 2015) (unpublished); United States v. Flournoy, No. 12-CR-50044, 2014 WL 12709679, at *2 (N.D. Ill. Apr. 24, 2014) (unpublished); United States v. Hogeland, No. 10-CR-0061 (PJS/AJB), 2012 WL 4868904, at *8–10 (D. Minn. Oct. 15, 2012) (unpublished); Black, 490 F. Supp. 2d at 665–66; Bin-Wahad v. Coughlin, 853 F. Supp.

680, 685–86 (S.D.N.Y. 1994). Thus, the court denies as meritless Bartko's motion for recusal.

III.

In sum, the court DISMISSES Bartko's Rule 60(b) motion [D.E. 359] for lack of jurisdiction, DENIES Bartko's motion for recusal, and DENIES Bartko's motion to expand the record [D.E. 368].

SO ORDERED. This 3 day of December 2020.

JAMES C. DEVER III
United States District Judge

7